MARGARETH PRICE, Plaintiff-Appellee, *v.* THE PRUDENTIAL INSURANCE CO. OF AMERICA, Defendant-Appellee—(JOSEPHINE BERNARDIN, Adm'r of the Estate of Lenora J. Corvi, Deceased, Defendant-Appellant.)

(No. 73-98; ▮▮▮▮▮▮)

Second District—October 1, 1974.

Horwitz, Anesi, Ozmon & Assoc., of Chicago (Joseph Riden, of counsel), for appellant.

Ricci & Lascaro, of Wood Dale, and Tom Freeman, of Bensenville, for appellee.

Mr. JUSTICE RINK delivered the opinion of the court:

This is an appeal from an order granting a judgment to the plaintiff Price against the defendant Bernardin, as administrator of the estate of Corvi, and for simplification, Prudential Insurance Co. of America. Also involved is a judgment against Bernardin, as administrator, on her counterclaim against Price arising out of a certain Equitable Life Assurance policy.

On September 20, 1972, Price filed a complaint against Prudential Insurance Co. of America and Josephine Bernardin, as administrator of the estate of Lenora J. Corvi.

The complaint alleges in substance that, during her lifetime, Corvi became the owner of a life insurance policy with Prudential in the amount of $2809, "and at sometime prior to her death on or about the 26th day of April, 1971, said Lenora J. Corvi named the plaintiff, Margareth Price, as sole beneficiary of said life policy."

"That the original of said policy is now in the possession of The Prudential Insurance Co. of America."

"That on or about the 26th day or April, 1974, said Lenora J. Corvi died."

That the plaintiff has demanded payment of the proceeds of the policy from Prudential who has refused to make payment to the plaintiff.

That Josephine Bernardin, as administrator of the estate of Corvi, also claims the proceeds of the policy.

On October 3, 1972, the Honorable Philip F. Locke set the case for trial December 12, 1972, at 2 P.M.

On October 27, 1972, Prudential filed an answer to the complaint and a complaint for interpleader. In its answer, Prudential, in substance, admits that Corvi had a policy of insurance with it in the amount of $2809 but neither admits nor denies that Price is the beneficiary of the policy, but demands proof of that fact.

In its complaint for interpleader, Prudential sets forth that when the policy was issued, one Mary R. Imonetti was the beneficiary but that she died on February 5, 1971; that the insured, Corvi, endeavored to change the beneficiary to Price but before all the steps were completed, Corvi died on April 26, 1971; that both Price and Bernardin, as administrator of the estate of Corvi, claim the proceeds; that it is willing to pay the proceeds to the person entitled to receive it.

On October 30, 1972, Bernardin, as administrator, filed her answer to the complaint stating in substance that she denied that Price is the beneficiary. Bernardin also filed a counter-claim in which she alleged in substance that although Corvi had attempted to name Price as beneficiary, the necessary steps had not been completed to the satisfaction of Prudential and consequently, the change was not effective. The counter-claim also alleges that Corvi was incompetent at the time she signed the change of beneficiary form on February 27, 1971.

Count II of the counter-claim is against Price and the Equitable Life Assurance Society. It alleges that Corvi had a policy of insurance with Equitable which named as beneficiary the estate of Lenora Corvi; that on March 2, 1971, while Lenora Corvi was mentally incompetent, she changed the beneficiary to Price; that Price, although not entitled to the proceeds of the policy, had received $1761.69 and that there is an addi-

tional $750 due from Equitable. Bernardin asks judgment against Price and Equitable for $2511.69.

Bernardin also answered the complaint of Prudential for interpleader which has no bearing on this case.

On November 2, 1972, Prudential filed its answer to the counter-claim of Bernardin in which it stated that it neither admits nor denies the allegations and prays that it be dismissed as to Prudential.

On November 2, 1972, Prudential filed its answer to the counter-claim of Bernardin. As to Counts I and II, Price denies all of the material allegations made by Bernardin.

On November 6, 1972, Price filed her answer to Prudential's complaint for interpleader and stated that she denied "that prior to the completion of all steps necessary to change the beneficiary, the insured, Lenora J. Corvi, died."

On November 16, 1972, Prudential filed a motion for judgment on complaint for interpleader.

On the same date, November 16, 1972, Bernardin filed her answer to Prudential's motion objecting to the motion and requesting that Prudential be required to remain a party until the trial. Also filed at the same time was a motion by Bernardin that Prudential be required to produce at the trial one Daniel J. Bombarg, the original insurance policy as well as many other records.

On November 16, 1972, the Honorable Philip F. Locke entered an order granting Prudential's motion for judgment on its complaint for interpleader based on the pleadings.

On December 12, 1972, at 2 P.M. at which time the case had been set for trial, present in the chambers of Honorable Philip F. Locke were Mr. Freeman, attorney for plaintiff Price, Mr. Riden, attorney for defendant Bernardin, Mr. Zamis, attorney for Prudential. In order to understand what took place at that time, it is necessary to set forth portions of the record.

"Mr. Freeman: Your Honor, this comes on a complaint in equity * * * for the proceeds of a certain life insurance policy issued by Prudential * * * *."

After Mr. Freeman had made a further statement to the court referring to certain evidence to which Mr. Riden objected, the court stated, "Lets get right down to the meat of the question. Was there ever an application filed with Prudential for change of beneficiary?"

Mr. Freeman then made further evidentiary statements as to what had taken place.

Mr. Riden then entered the discussion and suggested that a witness be brought into chambers.

There was further discussion about the case law in point and the evidence.

The court then stated, "That's right. We have got to dispose of this matter as quickly as possible."

Then there was further discussion and exchange as follows:

"Mr. Riden: I thought she would have the burden of proof in her case.

The Court: She has proven her case. There is no question.

Mr. Riden: I haven't heard any testimony yet.

The Court: There is enough law to support their allegations.

Mr. Riden: There has been no testimony.

The Court: There is no factual question interposed here. This is strictly a legal question. It devolves into a petition for summary judgment, is what it is.

Mr. Riden: But there is no petition for summary judgment filed.

The Court: There doesn't have to be. The Court can do it of its own motion.

I have heard many cases of this nature. The law considers that as as [sic] done which ought to be done."

A colloquy was:

"Mr. Riden: I thought I should have been allowed to offer testimony.

The Court: Say whatever you want to say and get it over with."

Other conversation was:

"Mr. Riden: We are still on this Equitable case. We have got a counterclaim pertaining to Equitable.

The Court: I can't do it today. I have got a jury waiting out there. I told you that. This case as far as I am concerned is over with.

Mr. Riden: If we can have five minutes?

The Court: No. I don't have five minutes. I have had a jury out there for an hour."

Earlier, Mr. Riden, counsel for defendant-appellant had complained that he had not been allowed to state his case.

In reference to defendant-appellant's contention that Lenora J. Corvi was an alcoholic and mentally incompetent so that she could not make valid changes of the beneficiary of the two policies, there was the following exchange:

"Mr. Riden: Then also we contend that Mrs. Corvi was an alcoholic and mentally incompetent.

The Court: That is water that's long since gone under the bridge. She never was adjudicated. Therefore the law presumes her to have been competent at the time she executed —

Mr. Freeman: Your Honor, we have with us the owner of the home she was staying in.

The Court: We are not interested in that. It's too late for that.

Mr. Riden: We also have a counterclaim pertaining to — Equitable Life Assurance policy. The counterclaim is in the amount of —.

Mr. Riden: There was another policy issued — there was a policy issued by Equitable and allegedly on March 2, 1971, Lenora Corvi changed the beneficiary to Josephine — Margareth Price.

The Court: So?

Mr. Riden: We contend she was mentally incompetent.

The Court: That has nothing to do with this case."

The court did not require plaintiff to offer in evidence the Prudential policy and an alleged change of beneficiary form. Defendant-appellant was not allowed to present her case although Daniel J. Bombarg of Prudential was in court pursuant to a subpoena that called for the production of the Life Insurance Policy, copy of the letter of April 24, 1972, all documents mentioned in the letter, the entire file pertaining to said policy and the claim concerning the death of Lenora J. Corvi. Peter A. Zamis was in court and presumably had any records that were not in the possession of Daniel J. Bombarg, as the former had been ordered to keep the records of Prudential and that they should be made available to either of the claimants.

There is no allegation in plaintiff's pleadings and no sworn testimony that anyone but Lenora J. Corvi had possession of her Prudential policy during her lifetime and that she had been prevented from sending the policy to Prudential, having a change of beneficiary form endorsed thereon, naming Margareth Price as beneficiary. The only document attached to the pleadings of any party pertaining to Prudential is complainant's Exhibit "A" which is attached to the complaint for interpleader.

In reference to Count II of defendant-appellant's counter-claim and which involves Equitable, and Count I, defendant-appellant's attorney was not permitted to call as witnesses defendant, D. W. Burns, and plaintiff to prove that Lenora J. Corvi was drunk and mentally incompetent when she signed change of beneficiary forms.

The court then entered the following order:

"This cause coming on for trial this 12th day of December, 1972, and the Plaintiff being present in Court and represented by her attorneys, Charles C. Ricci and Thom J. Freeman, III, and the De-

fendant, Josephine Bernardin, Administrator of the Estate of Lenora J. Corvi, dec'd. being present in Court and represented by her attorney, Joseph Riden, and the proofs having been given, and the Court having jurisdiction over the subject matter herein and the parties hereto, it is hereby ordered as follows, to-wit:

IT IS HEREBY ORDERED that the issues in the above captioned matter are found in favor of the Plaintiff, Margareth Price and against the Defendant, Josephine Bernardin, Administrator of the Estate of Lenora J. Corvi, dec'd, and therefore that the law firm of Rathje, Woodward, Dyer, & Burt, as escrowee for the Prudential Insurance Co. of America, is hereby ordered to pay to the Plaintiff, Margareth Price, the entire proceeds of the Prudential Insurance Co. of America Policy #29 848 785, with interest due thereon, up to and including the date of this Order; and further that Josephine Bernardin, as Administrator of the Estate of Lenora J. Corvi, is hereby ordered to pay to the Plaintiff, Margareth Price, the sum of $44.40 for and as the Court costs incurred in the filing of this action; and further that the Defendant's, Josephine Bernardin, Administrator of the Estate of Lenora J. Corvi, deceased, counterclaim pertaining to a certain Equitable Life Assurance Society of the United States policy is hereby denied."

Since no evidence was taken, the only theory upon which the court could award a judgment to any party was that of a summary judgment. There was no pleading before the court requesting summary judgment. The pleadings raised genuine issues of fact so that had there been a motion for summary judgment, it should have been denied. It was therefore error to grant judgment to plaintiff, Margareth Price, and also error to enter judgment against Josephine Bernardin, administrator of the estate of Lenora J. Corvi, on the counter-claim pertaining to a certain Equitable Life Assurance Society policy of insurance. The judgment of the Circuit Court of Du Page County is reversed and the cause remanded to the Circuit Court of Du Page County for trial.

Reversed and remanded.

G. MORAN and CARTER, JJ., concur.